IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL CASE NO. 5:06mc096

| | | |
|---|---|---|
| JUDY-ELAINE EVAUL, | ) | |
| | ) | |
| Libelant, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BRUCE HAMMONDS, dba | ) | |
| BRUCE HAMMONDS, PRESIDENT & | ) | |
| CEO, MBNA AMERICA BANK, N.A.; | ) | |
| JERRY T. MYERS, dba SMITH | ) | |
| DEBNAM NARRON WYCHE | ) | |
| SAINTSING & MYERS, L.L.P.; | ) | |
| JANET HANDY, dba JANET HANDY, | ) | |
| COURT CLERK, WILKES COUNTY; | ) | |
| REGINA C. BILLINGS, dba REGINA | ) | |
| C. BILLINGS, ASSISTANT CLERK | ) | |
| COURT, WILKES COUNTY; RICHARD | ) | |
| L. WOODRUFF, dba RICHARD L. | ) | |
| WOODRUFF, REGISTER OF DEEDS, | ) | |
| WILKES COUNTY; JEANIE R. | ) | |
| HOUSTON, dba JEANIE R. | ) | |
| HOUSTON, DISTRICT COURT | ) | |
| JUDGE, DISTRICT COURT, WILKES | ) | |
| COUNTY; and OFFICE OF CHIEF | ) | |
| MEDICAL EXAMINER, dba CHIEF | ) | |
| MEDICAL EXAMINER, WILKES | ) | |
| COUNTY, | ) | |
| | ) | |
| Libelees. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Motion to Dismiss and/or Strike [Doc. 5] filed by Bruce Hammonds and Jerry T. Myers and Judy-Elaine Evaul's Petition in the Nature of a Motion to Close File No. 5:06-MC-96 and to Return All Property in Form of Original Documents to Libelant [Doc. 15].

## I.  Factual Background

On August 11, 2006, Judy-Elaine Evaul ("Petitioner") filed a document with the Court entitled "Petition for Agreement and Harmony Within the Admiralty *ab initio*, in the Nature of a Notice of International Commerical Claim Within the Admiralty *ab initio* Administrative Remedy" [Doc. 1].  In this document, the Petitioner refers to herself as "Libelant," and she identifies several individuals, including Bruce Hammonds, Jerry T. Myers, a Wilkes County District Court Judge and several other members of the Wilkes County government, as "Libelees."  While largely incoherent and unintelligible, the "Petition" appears to seek to set aside a default judgment entered by the Wilkes County Court on January 28, 2005 against the Petitioner in favor of MBNA Bank.  Additionally, the Petitioner seeks $1,220,000.00 in damages from the "Libelees."

This matter was filed as a miscellaneous proceeding. The Petitioner has not paid the requisite filing fee for the filing of a complaint, and therefore, summonses have not been issued to the so-called "Libelees." Nevertheless, two of the named "Libelees," Bruce Hammonds and Jerry T. Myers ("Respondents"), have made an appearance in this action in order to file a motion to dismiss and/or strike the Petitioner's pleadings.

The Respondents move to dismiss or strike the "Petition" on the following grounds: (1) that there is no subject matter jurisdiction for such a claim; (2) that the Petitioner has failed to state a claim upon which relief can be granted; and (3) that the "Petition" should be stricken because it fails to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Additionally, the Respondents contend that the Petitioner should be enjoined from further filings without Court approval. [Doc. 5].

While alleging that the Respondents' Motion to Dismiss is "scandalous," "inflammatory," and constitutes "subterfuge . . . intended to deceive the court," the Petitioner agrees in her response to the Motion to Dismiss that "the Court does not have Jurisdiction in this matter." [Doc. 8].[1]

---

[1]The Petitioner allsos asserts in her response that this matter has been settled "[b]y agreement of the parties," and "[t]herefore, there is no controversy before the Court for the Court to decide." Contrary to the Petitioner's assertion, it does not appear that any of the named "Libelees" have agreed to settle this matter. The Respondents

In her "Petition in the Nature of a Motion to Close File No. 5:06-MC-96 and To Return All Property in Form of Original Documents to Libelant," the Petitioner moves the Court to "close" this file on the grounds that the Court does not have jurisdiction in this matter; that there is no "controversy" before the Court; and that there is no "case" before the Court, as "no action has commenced." [Doc. 15].

The Respondents do not oppose the Petitioner's motion to close the file, but they still request that the Court permanently enjoin her from pursuing any further legal action against them or their associated entities in this or any related matter without leave of Court. [Doc. 16].

## II. Motion to Dismiss

The Respondents contend that the Court lacks subject matter jurisdiction of the Petitioner's claim. The Petitioner appears to agree with the Respondents on this point, asserting in both her response to the Motion to Dismiss and her motion to close the file that the Court lacks jurisdiction over this matter.

---

certainly have not withdrawn their motion to dismiss, nor have they indicated their assent to settlement to the Court. Thus, it is clear that this matter has <u>not</u> been settled by the parties.

The Court agrees that subject matter jurisdiction is lacking in this case. Diversity of citizenship is clearly lacking in this case, and therefore, 28 U.S.C. § 1332 cannot serve as the basis for federal jurisdiction. Further, the Court finds that the Petitioner's "Petition" fails to raise an question of federal law under 28 U.S.C. § 1331. See Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001) ("The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint."). Moreover, while the Petitioner appears to assert in her "Petition" that she is asserting an "International Commercial Claim" under admiralty law, it is clear from a review of her allegations that her "claim" has nothing whatsoever to do with admiralty law, and therefore, there is no basis for jurisdiction under 28 U.S.C. § 1333. Rather, the "Petition" appears to be nothing more than an attempt to avoid or set aside a default judgment entered by a state court. The Court lacks subject matter jurisdiction over such a claim, and therefore, the Petitioner's claims must be dismissed.

Even if subject matter jurisdiction existed in this matter, the Court finds that the Petitioner has failed to state a claim upon which relief can be

granted. "[A] motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [her] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996). In considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the nonmoving party, accepting all of the well-pleaded allegations in the complaint as true. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

Taking the Petitioner's allegations as true and construing her "Petition" in the light most favorable to her, the Court concludes that the Petitioner fails to state a claim upon which relief can be granted, and the Court finds it beyond doubt that the Petitioner could prove no set of facts which would entitle her to relief. The Petitioner's filings are incomprehensible and fail to allege any cogent facts or legal theories to support a claim against any of the "Libelees," including the Respondents. Accordingly, the Court finds that this matter should also be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Because the Court concludes that the Petitioner's claims should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6), the Respondents'

request to strike the Petitioner's filings pursuant to Rule 8(a) is rendered moot.

Finally, the Respondents request that the Court enter a prefiling injunction prohibiting the Petitioner from pursuing any further legal action against them or their associated entities in this or any related matter without leave of Court pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

"Undoubtedly, the All Writs Act grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . ." <u>Cromer v. Kraft Foods N. Am., Inc.</u>, 390 F.3d 812, 817 (4th Cir. 2004) (citation omitted). A prefiling injunction, however, is "a drastic remedy" which courts must use "sparingly." <u>Id.</u> Therefore, the Court "should not in any way limit a litigant's access to the courts absent 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" <u>Id.</u> at 817-18 (quoting <u>Brow v. Farrelly</u>, 994 F.2d 1027, 1038 (3d Cir. 1993)). The "'use of such measures against a *pro se* plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" <u>Cromer</u>, 390 F.3d at 818 (quoting <u>Pavilonis v. King</u>, 626 F.2d 1075, 1079 (1st Cir. 1980)).

The Fourth Circuit has adopted the following factors to consider in determining whether a prefiling injunction is warranted:

> (1) the party's history of litigation, in particular whether [the party] has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Cromer, 390 F.3d at 818 (citing Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). If the Court determines that these factors weigh in favor of issuing a prefiling injunction, the Court "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." Cromer, 390 F.3d at 818. Further, the Court must ensure that the litigant is afforded notice and an opportunity to be heard prior to an injunction being imposed. Id. at 819.

In the present case, the Court finds that the Petitioner has an extensive history of litigation. This is the fifth "Petition for Agreement and Harmony Within the Admiralty *ab initio*, in the Nature of a Notice of International Commercial Claim Within the Admiralty *ab initio* Administrative Remedy" that the Petitioner has filed in federal court. In 2006, the Petitioner filed four similar "Petitions" against other creditors and government officials in the United States District Court for the Eastern

8

District of North Carolina. All four of these Petitions were filed as miscellaneous matters and were deemed by the Court to be merely "communcation[s] between Ms. Evaul and various parties regarding credit card agreements and possibly litigation in state court." Because the Court deemed these filings to be merely "correspondence," the Court found that these filing required no further Court action. In re: Judy-Elaine Evaul, Nos. 5:06-mc-18, 5:06-mc-19, 5:06-mc-20, and 5:06-mc-21 (E.D.N.C. Oct. 3, 2006) (Flanagan, C.J.). In each of these matters, the Petitioner eventually filed a motion seeking the return of her filings. The Court granted these motions and deemed each of these matters to be closed on March 7, 2007. In re: Judy-Elaine Evaul, Nos. 5:06-mc-18, 5:06-mc-19, 5:06-mc-20, and 5:06-mc-21 (E.D.N.C. Mar. 17, 2007) (Gates, M.J.). The Court finds that the Petitioner's history of litigation would support the imposition of a prefiling injunction.

 Given the incoherence of the Petitioner's allegations and the lack of any viable factual or legal theories stated in her Petition, as well as the Petitioner's apparent concession that the Court lacks subject matter jurisdiction over her claims, the Court does not find that the Petitioner had a good faith basis for filing the Petition in the present case. Rather, the

Court finds that the Petitoner filed this matter simply to harass those individuals identified as "Libelees" in her Petition. Thus, the Court finds that the Petitioner's lack of good faith would warrant the imposition of a prefiling injunction in this case.

The Court further finds that the Petitioner's filings have created a burden on this Court, as well as the District Court for the Eastern District of North Carolina. While the Petitioner admits that her filings do not constitute a "case" or "controversy" and that the Court lacks jursdiction over her claims, she has filed at least ten (10) *pro se* filings in this case alone, all of which are nonsensical and state no cogent factual or legal theories. The Court finds that the burden placed on this Court in dealing with the Petitioner's filings would justify the imposition of a prefiling injunction.

Although the Court finds that the first three factors of the Cromer test have been satisfied, the Court must also consider the adequacy of alternative sanctions in this case. Courts may impose a variety of sanctions to curb vexatious and harassing litigation, including the imposition of monetary sanctions and the dismissal of claims. See, e.g., Whitehead v. Viacom, 233 F. Supp. 2d 715, 726-27 (D. Md. 2002), aff'd, 63

Fed. Appx. 175 (4th Cir. May 21, 2003) (imposing prefiling injunction after dismissal of over thirty prior lawsuits and the imposition of monetary sanctions).

The Court notes that, despite having filed numerous similar "Petitions," the Petitioner has never before been censured or sanctioned for her conduct. Nor have any of the Petitioner's "claims" been dismissed; rather, her filing have been deemed to require no action from the Court, and thus, the matters were eventually closed. Accordingly, the Court finds that alternative sanctions are available which should be imposed before resorting to the "drastic remedy" of a prefiling injunction. Accordingly, the Respondents' request for a prefiling injunction is **DENIED**.

However, the Petitioner is hereby **ADVISED** that the "Petition for Agreement and Harmony Within the Admiralty *ab initio*, in the Nature of a Notice of International Commercial Claim Within the Admiralty *ab initio* Administrative Remedy" filed in the present matter is frivolous, vexatious, and harassing. Should the Petitioner file similar Petitions with this Court in the future, she may be subject to sanctions, including but not limited to, dismissal of these actions and a prefiling injunction prohibiting her from filing such future actions without leave of Court.

Because the Petitioner's filings are largely unintelligible and could, at best, be construed simply as correspondence to her creditors and government officials, these filings have been docketed as miscellaneous matters and not as the commencement of civil actions. As such, the Petitioner has not been required to pay the required filing fee or effect service of process on the "Libelees" named in her petitions. The Petitioner is **ADVISED** that any future petitions or other pleadings filed by her in this Court will be deemed to be the commencement of a civil action, requiring the payment of the $350 filing fee. If the Petitioner cannot afford to pay the required filing fee, she may seek leave to proceed *in forma pauperis*, thereby subjecting her case to prefiling review under 28 U.S.C. § 1915(e)(2).

For the foregoing reasons, the Motion to Dismiss and/or Strike [Doc. 5] is **GRANTED IN PART** and **DENIED IN PART**. The Petitioner's claims against all "Libelees" identified in the Petition are hereby **DISMISSED** pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Respondents' request to strike the Petitioner's pleadings is **DENIED AS MOOT**. The Respondents' request for a permanent pre-filing injunction is **DENIED**.

### III. Motion to Close File and Return Property

The Petitioner moves to close the Court's file of this matter and to have all of her original documents returned to her. [Doc. 15].

Because the Court has dismissed the Petitioner's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, the Petitioner's request to close the Court's file is moot. With respect to the Petitioner's request for her original documents, the Court notes that these documents have been scanned and have been filed in the Court's electronic filing system, and that these electronically scanned copies constitute the record of this case. Accordingly, the originals of the Petitioner's documents are duplicative of the Court's record. Thus, to the extent that these filings have been retained by the Clerk, the Petitioner's original documents may be returned to her.

### IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. The Motion to Dismiss and/or Strike [Doc. 5] is **GRANTED IN PART** in that the Petitioner's claims are hereby **DISMISSED** pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In all other respects, the Motion to Dismiss

and/or Strike [Doc. 5] particularly including the Respondents' request for a pre-filing injunction is hereby **DENIED**;

2. The Petitioner's Motion to Close File No. 5:06-MC-096 [Doc. 15] is **DENIED AS MOOT**; and

3. The Petitioner's Motion for Return of Original Documents [Doc. 15] is **GRANTED**, but with the Court to retain the electronically scanned and submitted record of this matter;

4. The Clerk of the Court is hereby **DIRECTED** to return the original documents filed by the Petitioner, to the extent that these original documents still exist, to the Petitioner within 10 (ten) days of the entry of this Order; and

5. This matter is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Signed: October 18, 2007

Martin Reidinger
United States District Judge